**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MICHAEL P. HANEY**, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: RWT 11cv3172 |
| **THOMAS A. RYMER,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

The court is in receipt of Plaintiff Michael J. Haney's Complaint and Motion for Leave to Proceed in Forma Pauperis.[1] Because the Plaintiff appears indigent, the Motion shall be granted pursuant to 28 U.S.C. § 1915(a).

Because Plaintiff has been granted leave to proceed in forma pauperis, this Court may review the claims in the Plaintiff's Complaint before service of process and dismiss the Complaint sua sponte if it has no factual or legal basis. See Neitzke v. Williams, 490 U.S. 319 (1989); see also Denton v. Hernandez, 504 U.S. 25 (1992); Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996); Nasim v. Warden, 64 F.3d 951 (4th Cir. 1995). The court may also dismiss Plaintiff's Complaint prior to service "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). As explained by the Supreme Court in Neitzke: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." 490 U.S. at 328.

---

[1] Plaintiff has also filed the following motions: Motion to Blotout and Delete My Illegal FBI Number, Motion to Blotout and Delete my Virginia State Criminal Justice Information System, Motion for my Original Social Security Number, Motion for my Original U.S. USA DC Driver License Number, Motion to Indict Satan for Embezzlement of my C and P Telephone Company, two Motions for Discovery, Motion for Arrest Warrant for Mike Smith, and Motion for Obstruction of Justice Indictments. ECF Nos. 3-11. The motions will be denied.

Plaintiff's sixteen-page Complaint references numerous state court criminal proceedings filed against him. The ultimate outcome of those proceedings is uncertain. Plaintiff also alleges that: he was forced to lie in order to procure internet service; he owns C and P Telephone Company and "they locked me up and stole it and renamed it Verizon Telephone;" Ford Motor Company stole $20,000 from him; and his social security number was stolen by various public schools and the Circuit Court of Maryland. ECF No. 1.

Plaintiff's Complaint may not proceed for a variety of reasons. Plaintiff's claims for the allegedly unlawful criminal proceedings must be dismissed under Heck v. Humphrey. 512 U.S. 477, 486-87 and nn. 6-8 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). In other words, a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. Id. Plaintiff has failed to demonstrate the status of those criminal proceedings.

Moreover, the sole named Defendant is a retired state court judge. The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. See Stump v. Sparkman, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," Pierson v. Ray, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on

occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Mireles v. Waco, 502 U.S. 9, 10 (1991) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. Stump, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. See id. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. Id. at 356-57.

A review of Plaintiff's allegations against Defendant does not compel the conclusion that the judge acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the Pierson Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this pro se litigant has turned to this forum to assert allegations of unconstitutional acts against state court judges. Because judicial immunity precludes the Plaintiff's recovery against Defendant, sua sponte dismissal of Plaintiff's claim is appropriate.

Lastly, as to the remainder of Plaintiff's claims, the Complaint provides no jurisdictional or factual basis for its filing. His attachments are replete with fanciful illusions. The action shall be dismissed without prejudice for the failure to state a claim and without service of process on Defendant. A separate order follows.

November 21, 2011
Date

/s/
Roger W. Titus
United States District Judge